**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

**LISA MARLENE TOLER,**
      **Plaintiff,**

**v.**                         **CIVIL ACTION NO. 5:15-cv-16170**

**CAROLYN. W. COLVIN,**
**Acting Commissioner of Social Security,**
      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f. Presently pending before this Court are Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Defendant's Brief in Support of Defendant's Decision (ECF No. 12).

Claimant Lisa Marlene Toler filed applications for DIB and SSI on December 12, 2012. Claimant alleged disability beginning November 20, 2012. These claims were denied initially on April 9, 2013, and upon reconsideration on May 31, 2013. Thereafter, Claimant filed a written request for hearing on June 13, 2013. On July 8, 2014², a video hearing was held with Claimant appearing in Bluefield, West Virginia. The Administrative Law Judge (ALJ) presided over the hearing from Roanoke, Virginia. By decision dated September 17, 2014, the ALJ determined that Claimant was not entitled to benefits. Claimant sought review by the Appeals Council of the ALJ's unfavorable decision. In a notice dated October 30, 2015, the Appeals Council (AC) denied Claimant's request for review (Tr. at 1-4). The AC stated "We

found no reason under our rules to review the Administrative Law Judge's decision.

Therefore, we have denied your request for review" (Tr. at 1).  The AC considered the

following:

> In looking at your case we considered the reasons you
> disagree with the decision and the additional evidence listed
> on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for
> changing the Administrative Law Judge's decision.
>
> …
>
> We also looked the treatment records from the following
> sources:   Southern Highlands Community Mental Health
> Center, dated March 2, 2015 to May 11, 2015 (10 pages);
> Logan Regional Pain Management Center, dated October 21,
> 2014 to June 29, 2015 (54 pages); and Delores Santamaria,
> M.D., dated March 27, 2015 (2 pages).  The Administrative
> Law Judge decided your case through September 17, 2014.
> This new information is about a later time.  Therefore, it does
> not affect the decision about whether you were disabled
> beginning on or before September 17, 2014 (Tr. at 2).
>
> If you want us to consider whether you were disabled after
> September 17, 2014, you need to apply again. (*Id.*)

The Order of Appeals Council dated October 30, 2015, made the following

additional evidence part of the record:

| | |
|---|---|
| Exhibit 10E | Brief from Attorney Jan Dils, dated October 2, 2014 (1 page) |
| Exhibit 17F | Treatment records from Southern Highlands Community Mental Health Center, dated April 15, 2014 to June 16, 2014 (4 pages). |
| Exhibit 18F | Treatment Records from Logan Regional Pain Management Center, dated May 13, 2014 to July 29, 2014 (16 pages) |

Exhibit 19F        Treatment records from Dolores Santamaria, M.D., dated February 12, 2014 to August 27, 2014 (15 pages) (Tr. at 6)

Thereafter, Claimant filed a complaint with this Court pursuant to 42 U.S.C. § 405(g), seeking "an order reversing and remanding the Commissioner's decision for a correction of the errors below" (ECF No. 10).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.

3

1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of November 20, 2012, through the date last insured December 13, 2013 (Tr. at 14). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment degenerative disc disease, small hiatal hernia, mild gastritis/gastroesophageal reflux disease, depression and anxiety. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 15). The ALJ then found that Claimant has a residual functional capacity to perform work at the light exertional level.[1] The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 25). The ALJ held that Claimant could perform unskilled light work[2] in the national economy in jobs such as: food preparer, packer and assembler (Tr. at 27). On this basis, benefits were denied. (*Id.*)

---

[1]  Claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can perform simple, routine, repetitive tasks with occasional interaction with the general public, coworkers and supervisors (Tr. at 17).

[2]  The ALJ held that Claimant's residual functional capacity to perform light work. However, due to Claimant's inability to perform all or substantially all of the requirements of this level of work, the ALJ held that Claimant could perform unskilled light work (Tr. at 26).

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on January 31, 1967.  She graduated from high school education in 1985 (Tr. at 223).  She lives in the house her parents lived in.  She lives with her husband and her daughter.[3]  Claimant's oldest daughter lives fifteen minutes away with Claimant's grandson and granddaughter[4] (Tr. at 46). Claimant drives a car and makes frequent stops when driving more than a short distance. (Tr. at 237).

---

[3]  On the date of the hearing, Claimant's daughter was twenty years old (Tr. at 45).
[4]  On the date of the hearing, Claimant's grandson was two years old and her granddaughter was seven years old.

<u>The Medical Record</u>

The medical record addressing Claimant's degenerative disc disease will be discussed below.  The undersigned respectfully recommends the District Judge remand this matter for reconsideration including the new and material evidence admitted by the Appeals Council. Therefore, medical records pertaining to other impairments will not be discussed at this time.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the ALJ's decision failed to apply Social Security Ruling 12-2p in evaluating Claimant's fibromyalgia[5] (ECF No. 10).  Claimant argues that the ALJ failed to perform the requisite analysis to determine if Claimant's impairments, either singly or in combination, met or equaled Listing 1.04(A).  Claimant argues that "the new evidence from Logan Regional Pain Management Center, which was previously submitted to the Appeals Council, warrants changing the ALJ's step three finding and ultimate decision."  (*Id.*)  Additionally, Claimant asserts that "the new evidence from Dolores Santamaria, M.D., Toler's neurologist, which was previously submitted to the Appeals Council, fills an evidentiary gap identified by the ALJ in her decision."

Defendant asserts that the substantial evidence standard of review is highly deferential to

---

[5]     The stated purpose of Social Security Ruling 12-2p is to "provide[s] guidance on how [the agency] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how [the agency] evaluate[s] fibromyalgia in disability claims and continuing disability reviews under Titles II and XVI of the Social Security Act." *See* SSR 12-2p. According to SSR 12-2p, a claimant can establish a medically determinable impairment of fibromyalgia if a physician has diagnosed fibromyalgia and the claimant satisfies certain diagnostic criteria. *Id.* at *2. Once a medically determinable impairment of fibromyalgia has been established by medical and other evidence, the Commissioner will apply the five-step sequential evaluation to determine whether the claimant is disabled. *Id.* at *5; *see also* 20 C.F.R. §§ 404.1520, 404.1620. Fibromyalgia is not a listed impairment, thus, at step three of the sequential evaluation, the ALJ must determine whether the claimant's fibromyalgia meets another listing, independently or in combination, with another impairment. *Id.* at *6. As part of the sequential evaluation, the ALJ will also assess the claimant's RFC. *See* 20 C.F.R. §§ 404.1520(e), 404.1620(3). In making the RFC assessment, the ALJ "will consider a longitudinal record whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.' " SSR 12-2p, at *6. At steps four and five of the sequential evaluation, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, non-exertional physical or mental limitations, or environmental restrictions are warranted. *Id.*

the ALJ's decision (ECF No. 11).  Defendant avers that SSR 12-2p does not provide a basis for remand because Claimant did not claim disability due to fibromyalgia.  Also, Defendant asserts that Claimant failed to demonstrate that she satisfies all of the requirements for Listing 1.04A (Disorders of the Spine). (*Id.*)  Lastly, Defendant asserts that the additional medical evidence Claimant submitted to the Appeals Council (AC) does not undermine the substantial evidence supporting the ALJ's decision.

Discussion

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision.  See 20 C.F.R. §§ 404.970(b) and 416.1470(b).  SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material.  According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review.  This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is

deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").  In *Radford v. Colvin*, 734 F.3d 288 (4ᵗʰ Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits.  'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

The Appeals Council must consider "new and material evidence" presented after the ALJ's decision "where it relates to the period on or before the date of the [ALJ's] decision."  20 C.F.R. §§ 404.970(b) and 416.1470(b).  "If qualifying new evidence is presented, the Appeals Council must evaluate the entire record, including the new evidence.  If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand

8

the case to the ALJ." *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. §§ 404.970(b) and 404.979 (1999)).

This Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).   Although new evidence of the nature submitted by Claimant to the Appeals Council must "relate to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. §§ 404.970(b) and 416.1470(b), "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." *Reichard v. Barnhart*, 285 F. Supp.2d 728, 733 (S.D. W. Va. 2003); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability").

Regarding the requirement of 42 U.S.C. § 405(g) that the claimant show good cause for not submitting the evidence earlier, that provision should be interpreted as applying to evidence first submitted to the district court, not to evidence that was submitted to the Commissioner during the administrative proceedings. As the Fourth Circuit stated, there is no requirement that a claimant show good cause in seeking to present new evidence to the Appeals Council. *Wilkins v. Secretary, Dep't of HHS,* 953 F.2d 93, 96 n. 3 (4ᵗʰ Cir. 1991).   Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.)   Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216).   "Evidence

9

is material if there is a reasonable possibility that the new evidence would have changed the

outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

<u>Listing 1.04 Disorders of the Spine</u>

Listing 1.04 requires the following:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R., Pt. 404, Subpt. P., App. 1, § 1.04 (2016).

In the present matter, the ALJ held that Claimant's degenerative disc disease does not meet

Listing 1.04 "because the record does not demonstrate compromise of a nerve root (including the

cauda equine) or the spinal cord with additional findings" provided above in paragraphs 1.04(A),

(B) and (C) (Tr. at 15).  On appeal, the AC received additional evidence including treatment

records from Claimant's treating physician at Logan Regional Pain Management Center, dated

May 13, 2014 to July 29, 2014.  The records consisting of 16 pages were made part of the record as Exhibit 18F (Tr. at 6).

Additionally, the ALJ gave little weight to the opinion of Claimant's treating neurologist Dolores Santamaria (Tr. at 25).  In regards to Claimant's cervical pain, the ALJ held that the opinion of Dr. Santamaria is not supported by treatment notes in the medical record (ECF No. 10).  On appeal, the AC received additional evidence including treatment records from Dolores Santamaria, M.D., dated February 12, 2014 to August 27, 2014.  The records consisting of 15 pages were made part of the record as Exhibit 19F (Tr. at 6).  These records include Dr. Santamaria's treatment notes, therefore, it is a reasonable possibility that these treatment notes could have affected the outcome in the ALJ's order.  At the very least, these documents may have changed the weight the ALJ gave Dr. Santamaria's opinion.

<u>Treating Physicians</u>

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  *See* 20 C.F.R. §§ 404.1527(c)(2)(i) and 416.927(c)(2)(i) (2015).  Thus, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (2015). Under §§ 404.1527(c)(2)(ii) and 416.927(c)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion.  Sections 404.1527(c)(3), (4) and (5) and 416.927(c)(3), (4) and (5) add the factors of supportability, consistency and specialization.  Additionally, the regulations state that the

11

Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." §§ 404.1527(c)(2) and 416.927(c)(2).

Under §§ 404.1527(c)(1) and 416.927(c)(1), more weight generally is given to an examiner than to a non-examiner. Sections 404.1527(c)(2) and 416.927(c)(2) provide that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). The Fourth Circuit Court of Appeals has held that "a non-examining physician's opinion cannot by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." *Martin v. Secretary of Health, Education and Welfare*, 492 F.2d 905, 908 (4th Cir. 1974); *Hayes v. Gardener*, 376 F.2d 517, 520-21 (4th Cir. 1967). Thus, the opinion "of a non-examining physician can be relied upon when it is consistent with the record." *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986).

The ALJ is not required in all cases to give the treating physician's opinion greater weight than other evidence in determining whether a claimant is disabled under the Act. *Johnson v. Barnhart*, 434 F.3d 650, n. 5 (4th Cir. 2005). The ALJ retains the duty to analyze treating source opinions and judge whether they are well-supported by medically acceptable evidence and consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). If a medical opinion is not supported by relevant evidence or it is inconsistent with the record as a whole, it will be accorded significantly less weight. *See Craig*, 76 F.3d at 590 ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Moreover, a treating physician's opinion can never bind the ALJ on issues reserved to the ALJ, such as a claimant's RFC or whether a claimant is able to work. These decisions are solely the responsibility of the ALJ because they are administrative findings that are dispositive of a case;

they are not medical issues.  *See* 20 C.F.R. §§ 404.1527(d)(1)-(3) and 416.927(d)(1)-(3); Social

Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2 (S.S.A.).

In weighing a medical opinion, an ALJ will consider the examining relationship; the

treatment relationship, including the length of treatment, the frequency of examination and the

nature and extent of the treatment relationship; the relevant evidence, including medical signs and

laboratory findings, supporting the opinion; the consistency of an opinion with the record as whole;

the specialization of the treating physician; and any other factors which tend to support or

contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). An ALJ does not

need to address each individual factor in making his decision, but should sufficiently demonstrate

his analysis of the relevant evidence. See *Pinson v. McMahon*, Civil Action No. 3:07-1056-PMD-

JRM, 2009 WL 763553, at *10 (D.S.C. Mar. 19, 2009).

The report of a non-examining, non-treating physician should be discounted and is not

substantial evidence when contradicted by all other evidence in the record. *Millner v. Schweiker*,

725 F.2d 243, 245 (4th Cir. 1984), *citing Hall v. Harris*, 658 F.2d 260, 265-66 (4th Cir. 1981)

(stating that the physical capacities evaluation prepared by the state agency's physician, if accepted

at face value, might support a conclusion that the claimant could do sedentary, light, or even

medium work, but that the physician never saw or examined her and based his evaluation on

medical reports which simply do not furnish this information) *and Hayes v. Gardner*, 376 F.2d

517, 521 (4th Cir. 1967) (concluding that in view of the opinion evidence as to the existence of a

disability, combined with the overwhelming medical facts, the uncontradicted subjective evidence,

and the claimant's vocational background, the opinion of a doctor who never examined or treated

the claimant could not serve as substantial evidence to support the Commissioner's finding).  A

district court in North Carolina stated that the opinion of a non-examining, non-treating physician

is not substantial evidence when it is contradicted by all other evidence in the record. *Mathis by Mathis v. Shalala*, 890 F. Supp. 461, 463 (E.D.N.C. 1995).

A reviewing court cannot determine if an ALJ's findings are supported by substantial evidence unless he explicitly indicates the weight he gave to all of the relevant evidence. *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).  In the present matter, the ALJ gave the opinion of Claimant's treating neurologist, Dr. Santamaria, "little weight."  The ALJ did not discuss the weight given to Claimant's treating physician, Dr. Egas.  The ALJ gave the opinions of medical and psychological consultants "less weight" (Tr. at 25).  However, the ALJ did not state the medical and psychological consultants' names and did not discuss[6] which evidence the ALJ found credible and why.

Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore

---

[6] The ALJ addressed the opinions of the medical and psychological consultants she gave "less weight" only in the following paragraph:

> As to the opinions of Disability Determination Services (DDS), in the Initial Disability Determination Explanation dated April 9, 2013, a state medical consultant opined that the claimant did not have a severe physical impairment.  A state psychological consultant also opined that the claimant did not have a severe mental impairment, opining that the claimant had no limitation in her ability to perform activities of daily living and mild limitations in her ability to maintain social functioning and to maintain concentration, persistence and pace (Exhibits 2A and 4A).  A second set of consultants came to the same conclusions in the Reconsideration Disability Determination Explanation dated May 31, 2013 (Exhibits 6A and 8A).  I give these opinions less weight.  As noted above, while the evidence is relatively weak, based on the claimant's continued allegations and treatment I find that she does have severe impairments (Tr. at 25).

The paragraph above states the consultants' positions but does not include a discussion of the evidence supporting or contradicting the consultants' positions.

14

these opinions and must explain the weight given to these opinions in their decisions.

As explained by SSR 96-6p, the regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability of the opinion in light of the evidence in the record; (2) consistency with the record, including other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to consider findings of fact by state agency medical and psychological consultants and other program physicians and psychologists about the existence and severity of an individual's impairment(s), including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000).  While ALJs and the Appeals Council are not bound by any state agency findings, they may not ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id*

Further, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us." (*Id.*)  Examples of the kinds of factors that an administrative law judge must consider when evaluating the findings of State agency medical and psychological consultants are provided in

paragraph (c)[7] of §§ 404.1527 and 416.927.

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Conclusion

This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings.  The additional records, marked as Exhibits 17F, 18F and 19F, were admitted into evidence by the Appeals Council.  The undersigned respectfully recommends that the District Judge find that the additional evidence admitted by the Appeals Council is new and material.  As the new evidence was submitted to the AC, good cause is not required.  A portion of the contents of the newly admitted evidence addresses Claimant's continued complaints and treatment for degenerative disc disease and back pain. As such, the undersigned suggests that the District Judge find that there is a reasonable possibility that the newly admitted evidence would have changed the outcome of the ALJ's decision.  Additionally, the newly submitted evidence contained in Exhibits 18F and 19F are from Claimant's treating physicians and may have changed the weight given to their opinions.  Therefore, the ALJ's decision is not supported by substantial evidence as she has not reviewed the record as a whole. This Court makes no recommendation as to Claimant's remaining arguments.  These issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Memorandum in Support of Judgment on the

---

[7]  Unless a treating source's opinion is given controlling weight, all of the following factors will be considered in deciding the weight given to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors.  20 C.F.R. 416.927(c) and 404.1527.

Pleadings (ECF No. 10) to the extent Plaintiff seeks remand pursuant to sentence four of 42 U.S.C. § 405(g), **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  January 6, 2017

Dwane L. Tinsley
United States Magistrate Judge

17